**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JACOBO ESCOBAR, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-73904 Agency No. A094-286-899 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2020[**]
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Petitioner Jose Escobar seeks review of the decision of the Board of

Immigration Appeals (BIA), which denied his motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252 and review the denial of a motion to reopen for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion, the BIA's legal conclusions de novo, and factual findings for substantial evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition.

The BIA did not abuse its discretion in denying Escobar's untimely motion to reopen because he failed to establish a prima facie case for relief on his asylum, withholding of removal, and Convention Against Torture (CAT) claims. *See id.* For asylum and withholding of removal, Escobar has not shown that he was (or will be) persecuted due to "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (asylum); *id.* § 1231(b)(3) (withholding of removal). For his CAT claim, Escobar has not shown how the new evidence of additional threats and the killing of the family's dog make it more likely than not that he would be tortured upon his return to Honduras.[1] *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).

The petition for review is **DENIED**.

---

[1] We have already denied Escobar's prior untimely motion to reopen seeking CAT relief on a substantially similar record. *See Escobar v. Lynch*, 648 Fed. App'x 744 (9th Cir. 2016).